**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | | |
|---|---|---|
| GEORGE G. HAINES, | ) | No. EDCV 06-1325 (CW) |
| | ) | |
| Plaintiff, | ) | DECISION AND ORDER |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| ———————————————————— | ) | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned magistrate judge.  Plaintiff seeks review of the denial of disability benefits.  The court finds that judgment should be granted in favor of defendant, affirming the Commissioner's decision.

## I.   BACKGROUND

Plaintiff George Haines was born on May 17, 1950, and was a younger individual during the period relevant to his Social Security disability application. [Administrative Record ("AR") 70.]  He has a college education and past relevant work experience as a driver. [AR

1

81.]  Plaintiff alleges disability on the basis of a spinal cord injury and severe manic depression. [AR 80.]

## II.  PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on November 22, 2006, and filed on December 1, 2006.  On June 8, 2006, defendant filed an answer and plaintiff's Administrative Record ("AR").  On August 16, 2007, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

## III.  PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act on September 26, 2002, alleging disability since May 10, 1991.  [AR 70.]  After the application was denied initially and upon reconsideration, plaintiff requested an administrative hearing, which was held on October 17, 2003, before Administrative Law Judge ("ALJ") David M. Ganly. [AR 502.]  Plaintiff appeared with counsel and gave testimony. [Id.]  The hearing was continued for the purpose of obtaining additional medical records. [AR 519.]  A second hearing was held on January 20, 2004, before ALJ Ganly. [AR 521.] Plaintiff appeared with counsel, and testimony was taken from plaintiff and medical expert Sami Nafoosi. [Id.]  A third hearing was held on February 20, 2004, before ALJ Ganly. [AR 563.]  Plaintiff appeared with counsel, and testimony was taken from plaintiff, medical expert Joseph Malancharuvil and vocational expert Sandra Fioretti. [Id.]  The ALJ denied benefits in a decision dated June 17, 2004. [AR 17.]  When the Appeals Council denied review on October 12, 2006, the ALJ's

2

1  decision became the Commissioner's final decision. [AR 3.]

2  ## IV.   STANDARD OF REVIEW

3  Under 42 U.S.C. § 405(g), a district court may review the
4  Commissioner's decision to deny benefits.  The Commissioner's (or
5  ALJ's) findings and decision should be upheld if they are free of
6  legal error and supported by substantial evidence.  However, if the
7  court determines that a finding is based on legal error or is not
8  supported by substantial evidence in the record, the court may reject
9  the finding and set aside the decision to deny benefits.  See Aukland
10  v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v.
11  Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240
12  F.3d 1157, 1162 (9th Cir.  2001); Tackett v. Apfel, 180 F.3d 1094,
13  1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir.
14  1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada
15  v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

16  "Substantial evidence is more than a scintilla, but less than a
17  preponderance."  Reddick, 157 F.3d at 720.  It is "relevant evidence
18  which a reasonable person might accept as adequate to support a
19  conclusion."  Id.  To determine whether substantial evidence supports
20  a finding, a court must review the administrative record as a whole,
21  "weighing both the evidence that supports and the evidence that
22  detracts from the Commissioner's conclusion."  Id.  "If the evidence
23  can reasonably support either affirming or reversing," the reviewing
24  court "may not substitute its judgment" for that of the Commissioner.
25  Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

26  ## V.   DISCUSSION

27  **A.   THE FIVE-STEP EVALUATION**

28  To be eligible for disability benefits a claimant must

demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months.  Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
Step two: Does the claimant have a "severe" impairment? If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel.  Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288.  If this burden is met, a prima facie case of disability is

4

made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age, education, and work experience, a claimant can perform other work which is available in significant numbers. <u>Tackett</u>, 180 F.3d at 1098, 1100; <u>Reddick</u>, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B.   THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found that plaintiff had not engaged in substantial gainful activity during the period relevant to the disability determination (step one); that plaintiff had "severe" impairments, namely status post cervical laminectomy, depressive disorder not otherwise specified, and psychophysiological reaction to pain (step two); and that plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 15-16.] Plaintiff was found to have an RFC for work at a medium exertional level, which precluded a return to his past relevant work (step four). [AR 16.]   The vocational expert testified that a person with plaintiff's limitations could perform other work existing in significant numbers in the national economy, such as hand packager, cleaner and light assembler (step five). [<u>Id.</u>]   Accordingly, plaintiff was found not "disabled" as defined by the Social Security Act. [AR 17.]

---

   [1]   Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. <u>Cooper v. Sullivan</u>, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989).   Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. <u>Penny v. Sullivan</u>, 2 F.3d 953, 958 (9th Cir. 1993); <u>Cooper</u>, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c).   Pain may be either an exertional or a nonexertional limitation. <u>Penny</u>, 2 F.3d at 959; <u>Perminter v. Heckler</u>, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

**C.   ISSUES IN DISPUTE**

The parties' Joint Stipulation identifies three disputes issues:

1.   Whether the ALJ properly considered plaintiff's medication
     side effects;

2.   Whether the ALJ properly considered plaintiff's need to use
     a cane; and

3.   Whether complete hypothetical questions were posed to the
     vocational expert.

[JS 2-3.]

**D.   ISSUES ONE AND TWO:   MEDICATION SIDE EFFECTS AND THE USE OF
A CANE**

In 1991, plaintiff sustained a workplace injury when a loading
ramp malfunctioned and hit him on the neck. [AR 271.]  He underwent a
cervical laminectomy soon after the accident. [AR 525.]  There is no
contemporaneous medical record of these events; the medical record
commences four years after the injury occurred, in June 1995. [AR
462.]  At that time, plaintiff entered an in-patient drug
rehabilitation program. [Id.]  He was diagnosed with depression. [AR
450.]  He also complained of recurrent pain in his lower neck. [AR
414, 418.]  Plaintiff was last insured for the purpose of his DIB
claim on December 31, 1996. [AR 74.]  Accordingly, disability must be
established prior to that date.[2]

Based on the available records dated on or before December 31,
1996, the ALJ determined that during the relevant period, plaintiff

_____

[2]   After plaintiff's insured status lapsed, in 1999, he suffered
a fall that aggravated his back condition. [AR 282.]  He underwent
Thoracic 8 and partial Thoracic 9 laminectomy in September 1999 and a
partial Thoracic 8 laminectomy in April 2000. [AR 296, 301.]
Plaintiff continued to complain of persistent pain and depression
following the surgeries. [AR 147.]

6

1   was capable of medium work activity with a limitation to moderately

2   complex, four to five step tasks in a habituated setting with no

3   intense interactions. [AR 14.]  Plaintiff alleges that this RFC

4   finding is not supported by substantial evidence because it does not

5   take into account evidence of plaintiff's medication side effects and

6   his need to use a cane. [JS 3, 6.]  Defendant argues that such

7   evidence was not relevant to the ALJ's decision because it was

8   subsequent to the date that plaintiff was last insured for purpose of

9   DIB eligibility. [JS 4, 7.]

10      "[I]ndividuals who apply for benefits under the Act after the

11   expiration of their insured status, for a disability that prevents

12   substantial gainful activity at the time of the application, must show

13   that the current disability has existed continuously since some time

14   on or before the date that their insured status lapsed." <u>Flaten v.</u>

15   <u>Sec. of Health & Human Servs.</u>, 44 F.3d 1453, 1458 (9th Cir. 1995)

16   (rejecting a "relation back" theory of DIB eligibility); <u>see</u> <u>also</u>

17   <u>Armstrong v. Comm'r of Social Sec. Admin.</u>, 160 F.3d 587, 589 (9th Cir.

18   1998); 42 U.S.C. § 423 (c).  Any deterioration in a claimant's

19   condition subsequent to that time is "irrelevant" for the purpose of

20   the disability determination.  <u>Flaten</u>, 44 F.3d at 1461 n. 4.

21      Here, the record contains little evidence to call into question

22   the ALJ's decision that plaintiff did not have a disability prior to

23   the date his insured status lapsed.  In fact, there is almost no

24   medical record evidence concerning this period; the evidence that does

25   exist relates almost entirely to plaintiff's successful effort at drug

26   rehabilitation, with some mention of depression and back pain. [AR

27   399, 412.]  As for plaintiff's allegation regarding his medication

28   side effects and need to use a cane, there is no evidence of such

7

limitations prior to the expiration of plaintiff's insured status; the evidence cited by plaintiff in this regard post-dates his insured status and is irrelevant to the disability determination. <u>Flaten</u>, 44 F.3d at 1461 n. 4.   Accordingly, the Commissioner's ruling that plaintiff is ineligible for disability benefits should be upheld.[3]

## V.   <u>ORDERS</u>

Accordingly, **IT IS ORDERED** that:

1.   The decision of the Commissioner is **AFFIRMED**.

2.   This action is **DISMISSED WITH PREJUDICE**.

3.   The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: October 4, 2007

_____/S/_____
                     CARLA M. WOEHRLE
                     United States Magistrate Judge

---

[3]   The third issue in dispute, regarding whether the hypothetical questions posed to the vocational expert properly incorporated plaintiff's medication side effects and his need to use a cane, is without merit based on the discussion above.

8